Good morning, Your Honors. Jagdeep Sekh on behalf of the petitioner and her family. This case involves a petitioner who was denied an opportunity to file a brief before the Board of Immigration Appeals merely because her counsel served a motion to extend the deadline for filing the brief on the wrong government office. In this case, prior to the due date for filing the brief, petitioner's counsel filed a motion to extend the deadline three weeks for filing her brief in support of her appeal with the BIA. Counsel, her attorney assumed that the motion was going to be granted. Yes, Your Honor. And that assumption was presumptuous, to say the least. Yes, Your Honor. And I would — and if I may, Your Honor, I would like to state that here the BIA had alternatives. And, for example, with this Court, if one was to file a motion that was denied, the motion would be denied and then there would be an order saying you have some time to file your brief that would be shorter, perhaps, than the three weeks that may be extended. Or, alternatively, the BIA did give counsel an option, which was to file a late-time brief, you know, again, presumptively to address the rather, I would say, minor flaw in the motion, and that's what counsel did. But if counsel — if the BIA didn't grant the motion for the extension, then the attorney has an obligation to file the brief on time. So why didn't the attorney file the brief on time? Your Honor, there was — because of the timing. If I — if my memory serves me right, the motion was filed, I think, on February 20th, and the brief was due on February 24th. The motion was denied on February 25th. So at that — the motion was denied after the brief. Right. But if you get — if you get to the filing deadline and the Court or the administrative body hasn't dealt with your motion for an extension, then you've got to file — you have to file if you haven't been granted an extension. Your Honor, I — You don't want to wait until the following day to see whether it comes in and hope it comes in the mail. Your Honor, I — I submit that that is not the practice, especially in the context of the BIA and these three weeks' extensions of time, because they're generally granted as a matter of routine. The Board, in order to — Wait a minute. You're going outside the record. Do you have something in the record that says they're generally granted as a matter of routine? No, Your Honor. What I do have, Your Honor, is — No, no, no. Just answer my question. Yes, Your Honor. Not as a matter of routine. Is there anything in the record to substantiate what you just said? Not as a matter of routine, but I do, Your Honor, have in the record evidence that they are not disfavored. In the record is my question. Yes, Your Honor. You've made an assertion here that the attorney is excused because they are generally granted. Where in the record is that? Your Honor, I would like to then be more precise with my words, that these types of motions are not disfavored. I mean, that is — Where in the record is it? Yes, Your Honor. You're asking us to make a decision based upon what you say. We can't do that. When we write the opinion, we can't say counsel says these are not disfavored and they're always granted. Yes, Your Honor. We have to look at the record. Yes, Your Honor. In the record, Your Honor, there is the notice of appeal, the receipt for the notice of appeal. Then thereafter, what you have is the briefing schedule. At the bottom of the briefing schedule, there are directions as to what to do in instances where you would need an extension of time to file your brief. And in that, it states that 21 — that a 21 — that the BIA will not consider motions beyond — for extensions beyond 21 days. And that — so it does state that, again, then the inference is that it will allow for motions that are — that request a 21-day extension. As I recall, it also says don't count on getting an extension. You're not excused from filing it. Doesn't that say it right in the briefing schedule? That you cannot rely on your motion. You have to get it filed on time. I think I read that in the briefing schedule, right? You're correct, Your Honor. Yeah. And so you're specifically warned not to do what was done in this case. Yes, Your Honor. And every attorney that reads that knows they're in jeopardy if they try to — to move at a late date. Yes, and it would — yes, at a late date. But in this case, Your Honor, what I — what happened was when they filed — when he filed the motion, there was nothing wrong with the substance of the motion. All that was wrong with it was the proof of service. So if there was something wrong with the substance — Yeah, the proof of service, it was — it was filed in Seattle and was supposed to be filed in San Francisco. Yes, Your Honor. In the wrong office, they requested to act on the motion. That's correct, Your Honor. Well, not act on the motion, but it was — the proof of service was served on the wrong office, Your Honor. It was served for the right court, just the wrong office. And so if there was something wrong with the substance of the motion or something unusual about the substance of the motion, then I think we would have more of a problem saying that the B.I. did not act arbitrarily. But in this case, when there was nothing wrong with the substance of the motion, the B.I. could have considered the substance and asked the attorney to correct the proof of service. And that would have been of very little prejudice to the party, to the government or the court in its expectation to adjudicate the case in an expeditious manner and would have preserved Ms. Kor's right to actually have the only instrument she has to advance her case before the B.I.A., and that's by filing a brief. She was greatly prejudiced by this. And there were — again, the other alternative was for the B.I.A. to allow for the late-filed brief that was filed with the B.I.A. on March 8th, but was returned to counsel because they denied it in the exercise of the discretion without really providing a reason why they were denying it. Counsel, our standard of review is abuse of discretion. Yes, Your Honor. What case authority are you relying upon to support your argument that the agency abused its discretion in denying the motion? Your Honor, in cases where — I'm analogizing the cases where this Court has reviewed denials of continuances in — What's your best case? Rios is our best case, Your Honor. And in those cases, the Court set forth a three-part test to determine whether or not the B.I.A. abuses or the agency abuses its discretion. And the first part of that test is considering whether or not there was inconvenience to the agency. The second part of the test, was there any bad faith on the part of counsel? And the third part of that test is considering the prejudice of the agency's action to the alien or Petitioner in this case. Why did you file a motion for reconsideration with B.I.A.? Your Honor, the — we have 30 days to file the motion to reconsider, and the petition for review was already filed pro se. And the — you're asking, Your Honor, after the decision of the — When the B.I.A. refused to accept the brief, why didn't you ask for the B.I.A. to reconsider and lay all of these facts out to the B.I.A. to ask them to reconsider their decision not to accept the brief? Yes. Because the B.I.A. expressly stated it would not consider any motions — any other motions in this case. So the B.I.A. denied it as in — denied it and expressly stated we won't consider any other motions. If Your Honor doesn't have any other questions, then I'd like to reserve the balance of my time for rebuttal. All right, counsel. May it please the Court. Arthur Rabin again for the Respondent. As to the initial issue as to whether or not the Court has jurisdiction, we will submit the Court has no jurisdiction to review the ineffective assistance of counsel claim. Can you keep your voice up, counsel? I'm sorry, Your Honor. It's not a microphone. It's a recorder. Okay. I can speak loudly. Your Honor, as to the first issue, we believe the Court has last jurisdiction to review the ineffective assistance of counsel claim because the issue was not properly exhausted before the Board through a motion to reopen. Moving on to the discretionary issue, that is whether the Board abused its discretion in failing to give basically a second bite at the apple to Petitioner's counsel to file his brief because he goofed. He basically filed it in the wrong place. That is, had I filed an extension motion with this Court, with the District Court, this Court would say, well, that's not proper service. The same thing happened there. He filed it with the District Counsel instead of with the Board, and the Board said, well, that doesn't count. You know where you're supposed to file it, and he admitted. He admitted explicitly that he made a mistake. The Court – I think the decision in this case is controlled by the standard of review. That is, was there an abuse of discretion? Did the Board follow its regulations? Well, we believe that Board acted soundly within its discretion in under 8 CFR 1003.2 C.1, which gives the Board discretion to consider late-filed briefs. And under Singh v. INS, which we cited in our brief, this Court has held that the BIA may insist on compliance with its procedural rules, just like any other court can. So where this counsel was provided written notice, and I point the Court to page 31 of the record, under filing instructions, the very first paragraph on page 31 of the record. It specifically states, unless you receive a Board notice granting your extension request, your brief will remain due on the date stated above. Thus, counsel was on notice exactly what the rules were. And counsel did not receive an order saying that his extension request was granted or denied, but he presumed that it would be granted in the matter of course, and he presumed wrong. It just so happened that the Board followed its regulations, followed the law, and the reasons given that the counsel goofed was just insufficient as a matter of law. They just said that's not enough, said the Board, for us to reconcile, not as a matter of law, but in our discretion, to grant your extension request, to grant your Board request with us, to grant your brief extension request with us. Subject to this Court's questions, I can move on to the asylum issues or just rest on our brief. It's up to you. We will rest on our brief, Your Honor. All right. Thank you, counsel. Your Honors, I think it's important here not to really escalate the error made by the Petitioner's counsel before the agency. He did not send the file of the brief with the wrong court. All he did was serve it on the wrong office of the district counsel. And the second thing is, I think when the Court reviews whether or not the Board abused its discretion, it not only has to review the denial of the motion for the extension, but also the denial of the late-filed brief. The BIA has the authority to accept a late-filed brief. I can't really imagine a more innocuous error by an alien's attorney that would warrant the filing of a late-filed brief. And in this case, the attorney did turn around and file that brief on March 8th, which would be approximately a week after the denial of the motion for an extension. So I can't really understand why the Board would not accept the late-filed brief when he filed it far within the three-week request for the three-week extension. So, that's it. All right. Thank you, counsel. Thank you to both counsel. The case just argued is submitted for decision by the Court. The next case on calendar for argument is
judges: Wallace, Rawlinson, Bybee